FILED
October 30, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___Javier Martinez___
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS EL PASO DIVISION

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY**<br>**Plaintiff,**<br><br>v.<br><br>**7 LOGISTICS INC., LLC, ELSA DENISE ENCINAS, I E GOZO LOZOYA, AND ERNESTO LUJAN PARRA**<br>**Defendants.** | § § § § § § § § § § § § | **CIVIL ACTION NO.**<br><br>**3:23-CV-00400-KC** |

**PLAINTIFF'S COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Trisura Specialty Insurance Company ("Trisura") files this Complaint and Request for Declaratory Judgment against Defendant 7 Logistics, Inc., LLC ("7 Logistics"), Elsa Denise Encinas ("Encinas"), I E Gozo Lozoya ("Lozoya") and Ernesto Lujan Parra ("Parra")(collectively "Defendants") and alleges as follows:

### I.    NATURE OF THE ACTION

1. This is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202, seeking declaration of the duties of Trisura with respect to a commercial automobile liability insurance policy it issued to first named insured 7 Logistics and in relation to the allegations of liability and damages sought in the lawsuit styled *Jorge Luis Barrio v. 7 Logistics, LLC, et al.,* Cause No. 2022DCV0602, pending in the 327th State District Court of El Paso County, Texas. (the "Underlying Lawsuit"). A true and correct copy of the Original Petition is attached as Exhibit A, and a true and correct Copy of the corrected First Amended Petition is attached as Exhibit B.

2. More specifically, Trisura seeks a declaration from this Court that it has no duty to defend Defendants for the allegations of liability made against them in the Underlying Lawsuit.

For the same reasons, Trisura also seeks a declaration from this Court that it has no potential duty to indemnify Defendants for damages sought in the Underlying Lawsuit.

## II.   PARTIES

3. Plaintiff TRISURA is a corporation organized and existing pursuant to the laws of Oklahoma with a principal place of business in Oklahoma City, Oklahoma.

4. Defendant 7 LOGISTICS INC., LLC is a limited liability company doing business as a trucking company in El Paso County, Texas at 13570 Hazelwood Street, Horizon City, Texas 79928. It may be served through its registered agent, Elsa D. Encinas, at 13570 Hazelwood Street, Horizon City, Texas 79928.

5. Defendant ELSA DENISE ENCINAS is a resident of El Paso County, Texas and may be served with process at 13570 Hazelwood Street, Horizon City, Texas 79928, and/or wherever she may be found.

6. Defendant I E LOZOYA GOZO is a resident of El Paso County, Texas and may be served with process at 13570 Hazelwood Street, Horizon City, Texas 79928, and/or wherever he may be found.

7. Defendant ERNESTO LUJAN PARRA is a resident of El Paso County, Texas and may be served with process at 13570 Hazelwood Street, Horizon City, Texas 79928, and/or wherever he may be found.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000.00, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and Defendants.

9. Venue is proper in this Court because a substantial part of the events or omissions

giving rise to the coverage dispute took place in the Western District within El Paso County, Texas, and because all Defendants do business in and/or reside in El Paso County, Texas.

## IV.   FACTS

### A.   UNDERLYING LAWSUIT

10.   Jorge Luis Barrio ("Barrio") filed Plaintiff's Original Petition on February 28, 2022, and a Corrected First Amended Petition on September 19, 2022. Both Petitions include the same material factual allegations. On August 21, 2020, Barrio was driving a tractor-trailer "in the course and scope of his employment for his 'employers,' as defined by the Federal Motor Carrier Safety Regulations ("FMCR")." (Original Petition, p. 4; Amended Petition, p. 4). Defendant 7 Logistics is a non-subscriber under the Texas Workers' Compensation Act. (*Id.*). Barrio asserts he was "in furtherance of Defendants 7 LOGISTIICS, ODYSSEY, and/or BLUE's trucking operations" and on a "'time is of the essence' mission to transport a shipment of onions". (*Id.*) He further alleges he was "forced" to drive "in excess of the maximum driving hours permitted by the FMCSR", and that at approximately 1:45 a.m. "while his alertness was impaired by driving in excess of the maximum driving hours", he lost control of the tractor-trailer, which rolled over onto its side, sliding into the Interstate's median. (Original Petition, pp. 4-5; First Amended Petition, pp. 5-6).

11.   Barrio expressly contends that he "was driving the subject tractor-trailer within the course and scope of his employment as an employee for the transportation chain consisting of Defendants 7 Logistics [and other named entities]". (Original Petition, p. 5; First Amended Petition, p. 6). Barrio alleges that Defendants are liable under theories of respondeat superior, vicarious liability, master/servant or principal/agent because they "retained contractual control and exercised actual control over the injury causing activity, including, but not limited to, control over

3

the means, details, manner, methods, and procedures used in carrying out assigned duties in the course of, or in furtherance of their trucking operations and/or transportation supply chain." (*Id*. at p. 6; p. 7).

12. Specific to 7 Logistics, Barrio further asserts additional specific actions and omissions, contending that 7 Logistics is liable under the legal theory of negligence. (*Id*. at p. 7; p. 8). Barrio also contends that 7 Logistics is vicariously liable because of the existence of a "joint enterprise." (*Id*. at p. 11; p. 12).

13. Barrio also seeks punitive damages based on allegations that the Defendants' acts or omissions "involved an extreme degree of risk considering the probability and magnitude of the potential harm to others." (*Id*. at p. 14, p. 15).

14. In both petitions, Barrio seeks recovery under expressed theories of liability of negligence per se, "non-subscriber" negligence, respondeat superior/vicarious liability, negligence, and "joint enterprise" liability.

15. Trisura is currently providing a defense to all defendants, subject to a full reservation of rights.

**B.     THE TRISURA POLICY**

16. Trisura issued policy no. TTT-65-2-201414 to first named insured 7 Logistics, Inc. LLC with a policy period of August 1, 2020 to August 1, 2021, a stated commercial automobile liability limit of $1 million combined single limit and a stated personal injury protection limit of $5,000.00 (the "Trisura Policy"). A true and correct copy of the Trisura Policy is attached as Exhibit C.

17. The Trisura Policy includes insuring agreements for bodily injury within Coverage A and/or Coverage C, and an insuring agreement for Personal Injury Protection ("PIP") coverage

expressed as Coverage D.  As to these insuring agreements, the Trisura Policy exclusions include the following:

> **IV.    Under Coverages A, C and D,**
>
> a. To bodily injury to or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefore are either payable or required to be provided under any Workmen's Compensation law, plan or scheme.
>
> **V.        Under Coverage A and C,**
>
> a. To any obligation for which the insured or any company as his insurer may be held liable under any Workmen's Compensation law, plan or scheme.

(Exhibit C, Trisura Policy, pp. 2-3).

In addition, the Trisura Policy states the following, in relevant part:

> **III.    Definition of Insured:**
>
> With respect to the insurance for bodily injury liability. . . the unqualified word "insured" includes the named insured and also includes. . . *and any person or organization legally responsible for the use thereof*, provided the actual use of the automobile is by the named insured or with his permission. *The insurance with respect to any person or organization other than the named insured does not apply*: . . . .
>
> b. *to any employee with respect to injury* to or sickness, disease or death *of another employee of the same employer* injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

(*Id*. at p. 2)(italics emphasis added).

18.    Further, the Trisura Policy excludes punitive and exemplary damages:

**PUNITIVE & EXEMPLARY DAMAGE EXCLUSION**
**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ IT CAREFULLY.**

. . . .

> This policy does not cover fines, penalties, damages multiplied by operation of law, or punitive or exemplary damages. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible.
>
> If the exclusion of punitive and exemplary damages is not permitted by the law of the state in which a claim for punitive or exemplary damages is brought, then this exclusion shall limit those damages to the extent permitted by law. In no event shall the total of compensatory and punitive or exemplary damages b[e] payable in excess of the limit of coverage provided herein.

(*Id*.; Punitive & Exemplary Damage Exclusion Endorsement; TSIC-0055 (20200623).

## V. CAUSE OF ACTION

**(Declaratory Judgment as To Duty To Defend or Indemnify Under Coverages A, C, and D)**

19.   Trisura incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as if set forth herein at length.

20.   A justiciable controversy has arisen between the insurer Trisura, and the defendants, regarding the rights and obligations under the Trisura Policy. This justiciable controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment of this Court.

21.   Trisura seeks a declaratory judgment that it owes no duty of defense or indemnity for the following reasons:

(1)   the Trisura Policy expressly excludes bodily injury to an employee;

(2)   the Trisura Policy expressly excludes the individual defendants from qualifying as insureds;

(3)   the Trisura Policy does not provide that a "joint enterprise" qualifies as an insured; and

(4)   the Trisura Policy expressly excludes punitive or exemplary damages.

## V. PRAYER FOR RELIEF

22. Trisura prays for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that:

    (1) it has no duty to defend defendants regarding the allegations of liability in the Underlying Lawsuit; and

    (2) it has no duty to indemnify defendants for any damages sought in the Underlying Lawsuit.

23. Trisura also seeks attorneys' fees, costs and disbursements in prosecuting this action to the extent permitted by law, and all such other relief as this Court deems just and proper.

Dated: October 30, 2023.

_____
Teresa Bohne
Texas Bar No.: 02565060
BOHNE INSURANCE LAW, PLLC
9655 Wharf Road #123
Coppell, Texas 75019
bohneinsurancelaw@gmail.com
(214) 725-3826